(932 P.2d 1019)

No. 75,023

STATE OF KANSAS, *Appellee*, v. JEROME WINDOM, *Appellant*.

Opinion filed February 7, 1997.

*Aronda Strutt Kerns*, of Wichita, for the appellant.

*Charles R. Reimer*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before ROYSE, P.J., PIERRON, J., and DEAN J. SMITH, District Judge Retired, assigned.

PIERRON, J.: Jerome Windom appeals the denial of his motion for downward departure and the district court's order requiring him to pay $75 per month child support as a condition of his probation. We affirm.

Windom entered a *Brady* plea to a charge of possession of cocaine, a severity level 4 drug felony, in violation of K.S.A. 1994 Supp. 65-4160. In exchange for his plea, the State agreed to recommend the minimum sentence in the appropriate grid box and to not oppose Windom's motion for downward departure.

Prior to sentencing, Windom filed a motion for durational departure and a pleading entitled "Proposed Findings of Fact and Conclusions of Law." He sought a departure of his sentence from

10 months to 6 months and a placement on probation for 24 months.

At sentencing, the parties agreed Windom's criminal history was category "H". Windom argued and based his motion for departure on the minimal amount of cocaine involved in the case. The court denied the motion, finding the amount of cocaine had already been contemplated in the sentencing grid. Windom was sentenced to the lowest prison sentence in drug grid box 4-H, 12 months' incarceration followed by 12 months' postrelease supervision. The court then placed him on probation under the supervision of Court Services for 24 months.

As one of the conditions of probation, the court ordered Windom to pay $75 per month in child support and/or provide receipts to the court services officer verifying expenditures in an equivalent amount. Windom appeals this probation condition and any conditions related thereto as well as the court's order denying his motion for downward departure. The district court subsequently revoked Windom's probation, but it is unclear from the record which probation condition he violated.

First, Windom argues his sentence resulted from the prejudice of the district court.

Windom recognizes this court's authority regarding a sentence that falls within the presumptive range of the Kansas Sentencing Guidelines Act (KSGA) for the crime committed. In *State v. Clark*, 21 Kan. App. 2d 697, 699-700, 907 P.2d 898 (1995), *rev. denied* 259 Kan. 928 (1996), the court stated:

"A sentence within the sentencing guidelines will not be disturbed on appeal if it is within a trial court's discretion and not a result of partiality, prejudice, oppression or corrupt motive. See *State v. Starks*, 20 Kan. App. 2d 179, 181, 885 P.2d 387 (1994). The party claiming error in sentencing has the burden to show that the sentence was the result of partiality, prejudice, oppression, or corrupt motive. *State v. Starks*, 20 Kan. App. 2d at 183. When the defendant is sentenced to a presumptive sentence, there is a strong legislative presumption that the sentence is not the result of partiality, prejudice, oppression or corrupt motive. 20 Kan. App. 2d at 184."

In K.S.A. 1994 Supp. 21-4721(e)(1), which is applicable to defendant's appeal, the Kansas Legislature gave this court the juris-

diction to review a claim that: "(1) [t]he sentence resulted from partiality, prejudice, oppression or corrupt motive." However, we note that in 1995, K.S.A. 1994 Supp. 21-4721(e) was amended to state as follows: "In any appeal, the appellate court may review a claim that: (1) [a] sentence *that departs from the presumptive sentence* resulted from partiality, prejudice, oppression or corrupt motive." L. 1995, ch. 251, § 17. See *State v. Favela*, 259 Kan. 215, 239, 911 P.2d 792 (1996). The legislature's amendment in 1995 expresses a clear indication that sentences within the presumptive range for that crime are not reviewable.

Windom argues that although a sentencing court is not compelled to impose a departure sentence, it is compelled to look for substantial and compelling reasons for departure. He argues the court's obligation is found within the purpose of the KSGA to reserve prison space for serious/violent offenders and also within the language of four Kansas statutes: (1) K.S.A. 21-4716(a)—the judge shall impose a presumptive sentence unless the judge finds substantial and compelling reasons to impose a departure; (2) K.S.A. 21-4718(a)(1)—upon proper motion, the district court shall hold a hearing to consider imposition of a departure sentence; (3) K.S.A. 21-4719(a)—when a departure sentence is appropriate, the sentencing judge may depart; and (4) K.S.A. 21-4728—the sentencing court should consider a range of alternatives in all cases.

Windom argues the district court did not look for substantial and compelling reasons for departure and the court's failure violates the language and intent of the KSGA. He argues the district court failed to take into consideration the facts set forth in his proposed findings of fact and conclusions of law. Some of these facts were that Windom committed a victimless crime, he cooperated fully with police, and he did not use a weapon.

Under the KSGA, when a sentencing court does not depart from a presumptive sentence, the court is not required to state its reasons for refusing to depart. *State v. Marble*, 21 Kan. App. 2d 509, Syl. ¶ 15, 901 P.2d 521, *rev. denied* 258 Kan. 861 (1995).

Windom's argument rests on the court's limited comment at the sentencing hearing that the amount of cocaine had already been taken into account in the sentence grids. However, Windom fails

to mention the only departure factor he raised at the sentencing hearing was the fact that the crime only involved a minimal amount of cocaine. The sentencing court's limited response was a natural response to the single departure factor raised by defense counsel.

We are not persuaded by Windom's argument that the district court did not seriously consider the mitigating factors raised in his proposed findings of facts and conclusions of law. The court stated at the sentencing hearing that it had a copy of the proposed findings of facts and conclusions of law and sentenced Windom to a presumptive sentence. He does not produce sufficient evidence to overcome the strong legislative presumption that the sentence was not the result of partiality, prejudice, oppression, or corrupt motive.

Next, Windom argues the district court acted with prejudice in ordering him to pay $75 per month in child support as a condition of his probation. Windom claims the district court did not have the authority to determine the exact amount of child support due each month.

Kansas courts have consistently recognized that probation is a privilege granted by the sentencing court and the court has broad power and authority in imposing conditions of probation so long as such conditions do not violate statutory law or constitute an abuse of discretion by the court. See *State v. Walbridge*, 248 Kan. 65, 68, 805 P.2d 15 (1991). The court in *State v. Starbuck*, 239 Kan. 132, 133, 715 P.2d 1291 (1986), stated: "Probation from serving a sentence is an act of grace by the sentencing judge and is granted as a privilege, not as a matter of right. The judge, when granting probation, has broad powers to impose conditions designed to serve the accused and the community."

Although the imposition of the KSGA has curbed the district court's discretion in awarding prison or nonimprisonment sentences, if probation is granted, the district court's discretion in imposing conditions along with the probation has remained the same. See K.S.A. 21-4610(c).

In the case at bar, the probation condition at issue imposed by the district court is statutory. K.S.A. 21-4610(c) provides:

"The court may impose any conditions of probation, suspension of sentence or assignment to a community correctional services program that the court deems proper, including but not limited to requiring that the defendant:

. . . .

(8) support the defendant's dependents."

Windom does not challenge the constitutionality of K.S.A. 21-4610(c)(8). He concedes the district court has the authority to impose terms and conditions upon the granting of probation and that supporting a person's dependents is a valid condition. Instead, Windom's claim of prejudice is that the district court made child support a condition of his probation without sufficient knowledge of the situation. He takes issue with two comments made by the district court:

"Now, I would prefer that there eventually be . . . a court hearing, a paternity action or something that says that you're the father where another judge looks at your income and the mother of your child's income and decides what's fair to pay for child support; but I'm not going to order you to go out and hire a lawyer so that this can be done, because I know that can be expensive. I think it would be better for you in the long run if you did that."

"I certainly would prefer to have information regarding her income so that an adequate child support work sheet can be prepared; but in the criminal action, I don't have any authority over her. I don't have any ability to order her to produce any income records. That's why I've encouraged your client to initiate a paternity action so that those things can be resolved. And certainly my order regarding child support would take second—would take a backseat to whatever the domestic court would order, because that would be more appropriate."

Windom states the district court acted without knowledge of his income and the child's mother's income in determining the $75 per month child support payment. He also directs the court's attention to the fact that the district court was not restating an already determined amount of child support or an obligation under a valid child support order. Windom indicates that even though the district court recognized the expense in hiring an attorney for a paternity action, he will need to do exactly that in order to determine if the amount of child support ordered was correct.

The State argues the district court did not attempt to determine the amount of child support due under the Kansas Child Support Guidelines. Rather, the condition was an order for Windom to

support his dependent with a reasonable initial sum attached. The thrust of the State's argument is that Windom did not and does not claim the amount set by the district court created an unreasonable burden or financial hardship.

The State also argues K.S.A. 21-4610(c)(8) speaks for itself. The statute does not contain a requirement that a prior judicial determination of child support have been made before the court can utilize this provision as a probation condition. If the legislature did not intend for the district court to determine what "support" the defendant would be required to provide, then K.S.A. 21-4610(c)(8) would be a hollow probation condition. " 'There is a presumption that the legislature does not intend to enact useless or meaningless legislation.' " *Todd v. Kelly*, 251 Kan. 512, 515, 837 P.2d 381 (1992).

K.S.A. 21-4610(c)(8) provides the authority for the district court to order support of the defendant's dependents as a condition of probation. There are no prerequisites or qualifications for the use of this probation condition. Furthermore, there are no restrictions on what "support" the district court can order. "When a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute." *State v. Alires*, 21 Kan. App. 2d 139, Syl. ¶ 2, 895 P.2d 1267 (1995).

The district court did not abuse its discretion in ordering Windom to pay $75 per month in child support. The district court determined Windom had a job. Windom conceded the child was his. Furthermore, as the State points out, Windom did not object at the sentencing hearing that $75 per month was excessive or placed him in financial hardship.

Of course, the $75 a month order was only meant to be an interim order for purposes of establishing Windom's probation order. There apparently was no child support worksheet completed by the court. In fact, the underlying parentage and support issues were not before the court for determination.

This is not fatal to the probation order as entered. The court is empowered under K.S.A. 21-4601(c)(8) to include support of dependents as a condition of probation. We believe that requires only

that the court make a reasonable order based on the situation presented. Considering what was before the court at the time, we find the probation condition was justified and reasonable.

Affirmed