No. 80,862

STATE OF KANSAS, *Appellee*, v. RAFAEL FLORES, *Appellant.*
(999 P.2d 919)

Opinion filed
March 10, 2000.

*Mary Curtis*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, were on the brief for appellant.

*William T. Stetzer*, assistant county attorney, and *Carla J. Stovall*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LARSON, J.: This is a direct appeal by Rafael Flores of the trial court's imposition of consecutive sentences for Flores' convictions of first-degree felony murder and attempted voluntary manslaughter. Based on our interpretation of K.S.A. 21-4721, we conclude that we have no jurisdiction to review Flores' nondeparture sentences despite his claims of abuse of discretion, partiality, prejudice, or corrupt motive.

Factual and procedural background

The crimes involved in this appeal were committed on October 5, 1996, when Flores, then a 14-year-old minor, became embroiled in a verbal confrontation between two groups of young men and fired several shots in the direction of the other group, wounding John Moses and killing Justin Mercado. Flores was certified to be tried as an adult and subsequently pled guilty to first-degree felony

murder, K.S.A. 21-3401(b), an off-grid person felony, and attempted voluntary manslaughter, K.S.A. 21-3301 and K.S.A. 21-3403(b), a severity level 5 person felony.

Pursuant to a plea agreement, the county attorney requested concurrent sentences, but the trial court entered consecutive sentences of life imprisonment on the first-degree felony murder conviction and 34 months' imprisonment on the attempted voluntary manslaughter conviction based on the aggravated term in the presumptive 5-I grid box for the latter crime.

Flores appeals contending "[t]he trial court abused its discretion by entering consecutive sentences on the charges of felony murder and attempted voluntary manslaughter, in violation of the plea agreement, because the sentences were a result of partiality, prejudice, or corrupt motive."

We dismiss Flores' appeal for the reasons hereafter stated.

Analysis

K.S.A. 22-3602(e) provides that appeals from sentences imposed under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.*, for crimes committed on or after July 1, 1993, are only allowed as provided in K.S.A. 21-4721. *State v. Ware*, 262 Kan. 180, Syl. ¶¶ 1, 2, 938 P.2d 197 (1997).

K.S.A. 21-4721(a) states: "A departure sentence is subject to appeal by the defendant or the state." K.S.A. 21-4721(c) states: "On appeal from a judgment or conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review: (1) Any sentence that is within the presumptive sentence for the crime." This wording has been in the statute since the enactment of the KSGA in 1993. See K.S.A. 1993 Supp. 21-4721.

Notwithstanding the above statutory provisions, in reliance on K.S.A. 1993 and 1994 Supp. 21-4721(e)(1) which state: "In any appeal, the appellate court may review a claim that . . . the sentence resulted from partiality, prejudice, oppression or corrupt motive," our appellate courts have held that even a presumptive sentence is subject to appellate review where there is a claim and a showing of partiality, prejudice, oppression, or corrupt motive. See *e.g.*, *State v. Windom*, 23 Kan. App. 2d 429, 430-31, 932 P.2d 1019,

*rev. denied* 262 Kan. 969 (1997); *State v. Clark*, 21 Kan. App. 2d 697, 699-700, 907 P.2d 898 (1995), *rev. denied* 259 Kan. 928 (1996); *State v. Bost*, 21 Kan. App. 2d 560, 571-72, 903 P.2d 160 (1995); *State v. Peal*, 20 Kan. App. 2d 816, 821-22, 893 P.2d 258, *rev. denied* 257 Kan. 1095 (1995); *State v. Myers*, 20 Kan. App. 2d 401, 403, 888 P.2d 866 (1995); and *State v. Starks*, 20 Kan. App. 2d 179, 183, 885 P.2d 387 (1994) (stating there must be a showing rather than a mere claim of partiality, etc.).

However, a major change occurred in 1995, when the Kansas Legislature amended K.S.A. 21-4721(e). L. 1995, ch. 251, § 17. That subsection now states, in pertinent part: "In any appeal, the appellate court may review a claim that: (1) A *sentence that departs from the presumptive sentence* resulted from partiality, prejudice, oppression or corrupt motive." (Emphasis added.)

Because of this amendment, the statutory authority for permitting appeals of presumptive sentences based on claims of partiality, prejudice, oppression, or corrupt motive no longer exists for offenses committed on or after July 1, 1995. This change was recognized in dicta in *Windom*, 23 Kan. App. 2d at 430-31, where the Court of Appeals, while addressing a claim of oppression or corrupt motive for a crime committed while the 1994 statutes were in effect, observed:

"In K.S.A. 1994 Supp. 21-4721(e)(1), which is applicable to defendant's appeal, the Kansas Legislature gave this court jurisdiction to review a claim that: '(1) [t]he sentence resulted from partiality, prejudice, oppression or corrupt motive.' However, we note that in 1995, K.S.A. 1994 Supp. 21-4721(e) was amended to state as follows: 'In any appeal, the appellate court may review a claim that: (1) [a] sentence that departs from the presumptive sentence resulted from partiality, prejudice, oppression or corrupt motive.' L. 1995, ch. 251, § 17. See *State v. Favela*, 259 Kan. 215, 239, 911 P.2d 792 (1996). The legislature's amendment in 1995 expresses a clear indication that sentences within the presumptive range for that crime are not reviewable."

Based on the language of the current versions of K.S.A. 21-4721(a), (c)(1), and (e)(1) as to crimes committed on or after July 1, 1995, claims of partiality, prejudice, oppression, or corrupt motive do not raise jurisdictional grounds sufficient to allow an appeal of a presumptive sentence.

The holding of *Peal*, 20 Kan. App. 2d at 822-23, that imposition of consecutive sentences does not constitute a departure sentence was affirmed by our court in *Ware*, 262 Kan. 180, Syl. ¶ 3. Therefore, Flores was not sentenced to a departure sentence and has no statutory basis for an appeal in this case.

The result we must reach in this case is clear. The trial court did not impose a departure sentence in ordering Flores' two sentences to run consecutively. The offenses occurred subsequent to July 1, 1995. We are without jurisdiction to consider his appeal.

Appeal dismissed.