**BRIAN PETERS, Appellant**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

D.C. Crim. App. No. 2002-40

District Court for the Virgin Islands

Division of St. Thomas and St. John

February 10, 2004

NIZAR ABDULLAH, ESQ., Assistant Territorial Public Defender, St. Thomas, U.S.V.I., *for Appellant*

JOEL H. FELD, ESQ., Assistant Attorney General, St. Thomas, U.S.V.I., *for Appellee*

FINCH, MOORE, and CABRET, *Judges*

## MEMORANDUM OPINION

*Per curiam.*

## I. SUMMARY

Appellant Peters argues that the Appellate Panel should vacate the child support obligations provisions of the sentence imposed by the trial court. Because the trial judge abused her discretion and misconstrued Section 3711 of Title 5 of the Virgin Islands Code, we agree with the appellant.

## II. STATEMENT OF THE CASE

On November 13, 2001, appellant Brian Peters was arrested and charged with aggravated assault and arraigned on November 29, 2001. On January 2, 2002, the trial judge found Peters guilty of aggravated assault after a bench trial. On February 20, 2002, the judge sentenced Peters to one hundred eighty (180) days incarceration, of which all but ten (10) days were suspended, and ordered that the defendant pay a fine and court costs. The judge also placed Peters on supervised probation for one year, which included the condition that the appellant send three hundred dollars per month in child support to Betty Albeno, who

allegedly is the mother of Peters's child. Neither Albeno nor the child has any connection with the victim of Peters's assault.

Peters now appeals the child support provision of the trial court's judgment order.

## III. JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to consider the judgments and orders of the Territorial Court in criminal cases. 4 V.I.C. § 33; Section 23A of the Revised Organic Act of 1954.[1]

■ We apply the abuse of discretion standard to the review of a trial judge's discretion in fashioning an appropriate sentence and in imposing penalties pursuant to section 3711 of title 5 of the Virgin Islands Code. *See Magras v. Virgin Islands*, 2001 U.S. Dist. LEXIS 22171, *8 (D.V.I. App. Div. 2001). We exercise plenary review over the trial court's legal conclusions. *See Irizarry v. Carpenter*, 274 F. Supp. 2d 729, 730 (D.V.I. App. Div. 2003).

## IV. DISCUSSION

■■ Section 3711 of title 5 of the Virgin Islands Code grants the sentencing judge wide discretion in fashioning conditions attached to probation, including requiring restitution to any "aggrieved parties."[2]

---

[1] *See* Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp. 2001), *reprinted in* V.I. CODE ANN. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp. 2001) (preceding V.I. CODE ANN. tit. 1).

[2] Section 3711 provides in part:

§ 3711. Suspension of sentence and probation

(a) [Judgment of Conviction.].—Upon entering a judgment of conviction of any offense against the laws of the Virgin Islands not punishable by life imprisonment, the ... territorial court, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

...

While on probation and among the conditions thereof, the defendant—

May be required to pay a fine in one or several sums; and

May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had; and

471

Section 3711 also authorizes the court to order the defendant to financially support those for whom he is legally responsible.[3]

 Section 3711 does provide for the sentencing judge to order that the defendant pay any support obligations that have already been determined, including child support, regardless of whether that support payment is related to the crime.[4] The issue before us, however, is whether the sentencing judge can make the initial determination that the defendant has the obligation to provide child support and then set the amount of that payment in a criminal proceeding. We answer in the negative and hold that the sentencing judge in the Criminal Division of the Territorial Court does not have the authority under 5 V.I.C. § 3711 to

---

> May be required to provide for the support of any persons, for whose support he is legally responsible.

5 V.I.C. § 3711.

[3] Title 16 of the Virgin Islands Code defines which persons are obligated to support each other:

(a) The following are obliged to support each other—

(1) husband and wife;

(2) legitimate ascendants and descendants up to 18 years of age;

(3) parents and children and the legitimate descendants of the latter up to 18 years of age;

(4) the adopter and the person adopted; and

(5) parents and illegitimate children who have been recognized as children by written acknowledgment of the natural parent or by decree of a competent court.

(b) Brothers and sisters also owe to their brothers and sisters, even when only on the mother's or father's side, the aid necessary to maintain their existence, when through a physical or mental defect or for any other cause not the fault of the person requiring support, such person cannot provide for himself.

(c) With such support is included the expenses necessary for the elementary education and teaching of a profession or trade.

16 V.I.C. § 342.

[4] Other jurisdictions have addressed the issue of child support as a condition of probation and found that it is proper. *See Brown v. State*, 1997 [WL] (Tex. App.-Dallas, Jul 31, 1997); *State v. Windom*, 23 Kan. App. 2d 429, 932 P.2d 1019 (1997). Other jurisdictions require that sentencing conditions relate directly to the victim aggrieved by the defendant's criminal conduct. *See State v. Horton*, 2001 MT 100, 305 Mont. 242, 25 P.3d 886, 890 (2001) (a sentencing limitation or condition must have some correlation or connection to the underlying offense for which the defendant is being sentenced).

make the initial determination of the obligation and amount of child support. The child support provisions are contained in 16 V.I.C. § 345, apply in the Family Division of the Territorial Court, and require the family judge to first find a legal duty of support before applying the child support guidelines to determine the amount of the support obligation.

The child support statute provides for "child support guidelines" to apply in "any proceeding to establish ... a child support obligation." 16 V.I.C. § 345(b), (c). The guidelines "shall be based on specific, numeric and descriptive criteria that result in the computation of child support amounts." *Id.* An award may depart from the guidelines if "it is determined that injustice would result from the application thereof." *Id.* The statute provides, however, that

> "such determination must be based on criteria taking into consideration the best interests of the child (children), and further must be supported by specific and written findings of fact, including, at a minimum, the amount that would have been established by the guidelines and the reasons for the variance therefrom."

*Id.*

The statutory scheme for "Support of Relations" found in chapter 13 of title 16 does not authorize a trial judge presiding over a criminal sentencing to circumvent the procedures necessary to determine child support. Although we construe 5 V.I.C. § 3711 as authorizing a judge to require a defendant, as a condition of probation, to provide for the support of any persons for whose support he is legally responsible, such support already must have been established in the Family Division according to the provisions of title 16. There is nothing in the record to indicate that these procedures were followed before the monthly three hundred dollar child support payment was imposed as a condition of probation. Because we find a statutory violation, we do not reach the constitutional question.

## V. CONCLUSION

The trial judge's determination in a criminal proceeding of the amount and imposition of child support payments as a condition of probation attached to a criminal sentence violated the procedure for determining child support set forth in chapter 13 of title 16 of the Virgin Islands

Code. Accordingly, the child support condition of the sentence will be vacated and the case remanded for further proceedings consistent with this opinion.