NOT DESIGNATED FOR PUBLICATION

No. 115,626

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STEVIE L. STAFFORD,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Douglas District Court; PAULA B. MARTIN, judge. Opinion filed June 23, 2017.
Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., MCANANY, J., and HEBERT, S.J.

*Per Curiam*: Stevie L. Stafford appeals following the district court's summary denial of what it construed to be a motion seeking relief under K.S.A. 2016 Supp. 60-1507. Stafford argues the court erred, first, in failing to construe his motion as one seeking to correct an illegal sentence under K.S.A. 22-3504 and second, in failing to grant him relief by correcting his illegal sentence. We find the district court did not err in construing Stafford's motion under K.S.A. 2016 Supp. 60-1507 and affirm the district court's decision to summarily deny it.

1

In October 2011, the State charged Stafford with one count of attempted rape and two counts of aggravated indecent liberties with a child, all three of which are off-grid person felonies subject to a mandatory minimum sentence of 25 years in prison without the possibility of parole. See K.S.A. 2016 Supp. 21-5506(b)(3), (c)(3); K.S.A. 2016 Supp. 21-5503(a)(3), (b)(2). Stafford ultimately entered into an agreement with the State where he agreed to enter a guilty plea to both of the aggravated indecent liberties charges in exchange for dismissal of the attempted rape charge. The parties acknowledged in the written plea agreement that the two aggravated indecent liberties charges were off-grid person felonies subject to mandatory minimum sentences. But the plea agreement also included an obligation by the parties to jointly ask the court to depart from the 50-year mandatory minimum sentence (25 years for each count) and recommend a total prison sentence of 265 months. Finally, the plea agreement noted that regardless of any agreement or recommendation by the parties or the State, the court could impose the maximum penalty allowed.

As contemplated by the parties in the plea agreement, Stafford pled guilty to the two aggravated indecent liberties charges at a hearing on August 31, 2012. After the plea, but before the sentencing hearing, counsel for both parties discovered the 265-month prison sentence they promised to jointly recommend to the district court could not be accomplished under the terms of the existing plea agreement. As a result, Stafford filed a motion to withdraw his plea. The district court granted Stafford's motion for good cause shown, presumably finding Stafford should not be required to adhere to a plea agreement that presents the court with a mandatory minimum sentence of 25 years for each count and a jointly recommended departure sentence of 265 months that the court had no legal authority to impose.

Thereafter, the State amended the complaint to two counts of attempted rape and Stafford pled no contest to the new charges pursuant to a new plea agreement. The district court sentenced him, according to the parties' agreement, to 265 months' imprisonment with lifetime postrelease supervision.

Stafford filed a direct appeal with this court. On February 14, 2014, we summarily dismissed the appeal for lack of jurisdiction under *State v. Flores*, 268 Kan. 657, 999 P.2d 919 (2000). The mandate was issued on March 20, 2014. Stafford subsequently filed two K.S.A. 60-1507 motions, though neither are included in the record on appeal. Stafford filed the first motion in April 2014, raising various trial errors and alleging ineffective assistance of trial and appellate counsel. Stafford appealed the district court's summary dismissal of the motion but was later granted leave to withdraw his appeal. It appears that Stafford filed a second K.S.A. 60-1507 motion in February 2015 but later withdrew the motion.

On August 13, 2015, Stafford filed the pro se K.S.A. 60-1507 motion at issue in the present case. In the motion, Stafford raised several arguments challenging the validity of his original plea withdrawal and the entry of his subsequent plea, including (1) ineffective assistance of trial and appellate counsel, (2) involuntary withdrawal of his original plea, (3) judicial and prosecutorial misconduct, and (4) double jeopardy and compulsory joinder issues relating to his second plea. In response, the State argued that Stafford's motion should be dismissed as untimely, successive, and meritless.

The district court summarily denied Stafford's motion, meaning the court made its decision without appointing counsel for Stafford and without holding an evidentiary hearing. Although noting that the motion could be denied on grounds that it was both untimely and successive, the court wrote a memorandum decision denying Stafford's motion on the merits. In its memorandum decision, the court explained in detail why the

3

motion, files, and records of the case conclusively showed that Stafford was not entitled to relief.

ANALYSIS

Stafford argues the district court erred in summarily denying his motion, claiming the court erroneously interpreted it as a K.S.A. 60-1507 motion rather than a motion to correct an illegal sentence. Had the court treated his motion as one to correct an illegal sentence, Stafford contends the court would have been required to vacate his sentence and remand for resentencing. Whether the district court correctly construed a pro se pleading is a question of law subject to unlimited review. *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010).

Under Kansas law, pro se pleadings are to be construed liberally. 291 Kan. at 565. Thus, Kansas courts give effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments. A defendant's failure to cite the correct statutory grounds for his or her claim is immaterial. See *Bruner v. State*, 277 Kan. 603, 605, 88 P.3d 214 (2004) (construing pro se K.S.A. 60-1507 motion as request for DNA testing under K.S.A. 21-2512).

The crux of Stafford's motion is his claim of insufficient evidence to establish that he agreed to withdraw his plea of guilty to two counts of aggravated indecent liberties under the original plea agreement. Due to this lack of evidence, Stafford argues his guilty pleas to aggravated indecent liberties remain in full force and effect and, thus, the court did not have jurisdiction to later sentence him for two attempted rape convictions, even though he pled no contest to both charges under a renegotiated plea agreement. And because the court did not have jurisdiction to sentence him for the attempted rape convictions, Stafford contends his sentence is illegal.

4

But Stafford's motion was filed as a K.S.A. 60-1507 motion, and he repeatedly referred to it as such in the body of the motion. The motion's content also supports a finding that it is a K.S.A. 60-1507 motion as it raises two specific arguments: (1) his attorneys were ineffective in allowing the plea to be withdrawn and (2) the amended charges against him violated the compulsory joinder rule. Stafford challenges counsel's effectiveness by discussing the contractual nature of plea agreements, the relevant caselaw on the topic, and the ethical obligations of the parties involved, making no reference to the legality of his sentence. Stafford's compulsory joinder argument similarly focuses not on his sentence but on the charges in the amended complaint.

Stafford's motion specifically cites rules and caselaw relating to his counsel's performance with respect to his original plea. Complaints about an attorney's performance are common issues raised in K.S.A. 60-1507 motions. Moreover, Stafford raises constitutional arguments relating to the charges in the amended complaint. Because the definition of an illegal sentence under K.S.A. 22-3504(1) does not include a claim that the sentence violates a constitutional provision, a defendant may not file a motion to correct an illegal sentence based on constitutional challenges to his or her sentence. *State v. Mitchell*, 284 Kan. 374, 376-77, 162 P.3d 18 (2007). Simply put, nothing in Stafford's motion can reasonably be read as a motion to correct an illegal sentence. Most noticeably, the 40-page motion never cited to K.S.A. 22-3504(1) or even referred to Stafford's own sentence as illegal. In fact, Stafford only incidentally used the phrase "illegal sentence" twice, while discussing two appellate court decisions. "Liberal rules of construction cannot transform the reality of a pleading's content or the arguments being advanced, even when a litigant is pro se." *State v. Gilbert*, 299 Kan. 797, 798, 326 P.3d 1060 (2014).

Notwithstanding the fact that the content of Stafford's pleading does not support construing it as a motion to correct an illegal sentence, Stafford argues on appeal that the court should construe it as such anyway because the court did not have jurisdiction to

5

sentence him for the attempted rape convictions. But Stafford's allegation regarding jurisdiction is premised entirely on his claim of insufficient evidence to establish that he agreed to withdraw his guilty plea to two counts of aggravated indecent liberties as contemplated by the original plea agreement. And Stafford's plea withdrawal claims are framed as ineffective assistance of counsel in allowing the pleas to be withdrawn and amended charges to be filed, which brings us right back to where we started: construing Stafford's motion as a claim for relief under K.S.A. 2016 Supp. 60-1507.

Typically, a prisoner in custody under sentence of the court must bring all of his or her collateral constitutional challenges to a conviction in a single K.S.A. 60-1507 motion filed within 1 year of the final disposition of the criminal case. See K.S.A. 2016 Supp. 60-1507(c), (f). District courts are not required to entertain a second or successive 60-1507 motion requesting similar relief on behalf of the same defendant. See *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013) (citing K.S.A. 60-1507[c]); Supreme Court Rule 183(d) (2017 Kan. S. Ct. R. 222). Additionally, a movant in a 60-1507 motion is presumed to have listed all grounds for relief; thus, the prohibition against successive motions does not only bar claims raised in prior motions, it also prohibits any claims that could have been raised in a prior motion. *Trotter*, 296 Kan. 898, Syl. ¶ 2. But the restrictions against untimely and successive motions may be eased to prevent a manifest injustice. Evidence demonstrating a substantial likelihood of actual innocence could qualify, thus permitting a successive or untimely motion. See *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014).

Final disposition of the underlying criminal case here occurred on March 20, 2014, when the mandate issued. Although it is not in the record, Stafford filed his first K.S.A. 60-1507 motion in April 2014. As he does here, the April 2014 motion alleged ineffective assistance of trial and appellate counsel. The district court summarily denied the motion, and Stafford appealed. Stafford later requested to withdraw this appeal, which the court

granted. Although it is not in the record either, Stafford apparently filed a second K.S.A. 60-1507 motion in February 2015. He later withdrew that motion.

Based on our review of the record, it appears Stafford filed at least one and perhaps two K.S.A. 60-1507 motions before the 1-year statutory time limitation expired on March 20, 2015. And Stafford did not file the motion at issue here until August 13, 2015, almost 5 months after that deadline. Nevertheless, Stafford fails to acknowledge the successive and untimely nature of his motion or otherwise allege the manifest injustice or exceptional circumstances required to warrant our review of the motion. See K.S.A. 2016 Supp. 60-1507(f)(2) (time limitation set forth in K.S.A. 2016 Supp. 60-1507[f][1] "may be extended by the court only to prevent a manifest injustice"); K.S.A. 2016 Supp. 60-1507(c) (court not required to entertain successive motion); *Dunlap v. State*, 221 Kan. 268, 270, 559 P.2d 788 (1977) ("Unless exceptional circumstances are shown the sentencing court may properly dismiss a second or successive motion . . . on the ground its use constitutes an abuse of remedy.").

Because Stafford has shown neither manifest injustice nor exceptional circumstances to justify his untimely and successive motion, we conclude that the district court did not err in summarily dismissing Stafford's K.S.A. 60-1507 motion.

Affirmed.