NOT DESIGNATED FOR PUBLICATION

No. 118,046

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KELLY EUGENE WREN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; F. WILLIAM CULLINS, judge. Opinion filed June 22, 2018. Affirmed in part, reversed in part, dismissed in part, and remanded with directions.

Submitted for summary disposition pursuant K.S.A. 2017 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., POWELL and GARDNER, JJ.

PER CURIAM: Kelly Eugene Wren appeals his sentence. We granted Wren's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. Annot. 47). After a complete review of all issues raised, we affirm all findings of the district court with the exception of the district court's order regarding payment of the Board of Indigents' Defense Services (BIDS) attorney fee and restitution. Because the court made no inquiry into Wren's financial resources or his ability to pay, it erred in assessing the BIDS attorney fee. Accordingly, we must reverse in part and remand for the court to review Wren's financial situation and make appropriate findings on the record regarding any order for him to pay attorney fees and to issue a nunc pro tunc order correcting the amount of restitution owed.

1

The State charged Wren with aggravated assault of a law enforcement officer; use of a deadly weapon; two counts of residential burglary; criminal damage to property valued at $1,000 to $25,000; fleeing or attempting to elude a law enforcement officer by engaging in reckless driving; reckless driving; theft of property valued at $1,000 to $25,000; and criminal damage to property valued at less than $1,000. Wren entered a plea agreement with the State by which he would plead no contest to all charges. In return, the State promised to recommend that the sentences for aggravated assault of a law enforcement officer and residential burglary would run consecutive to each other, for a total sentence of 42 months, and that all other sentences would run concurrently.

The district court found that Wren's criminal history was E. The district court imposed the standard sentences of 30 months for aggravated assault of a law enforcement officer, 6 months fleeing or attempting to elude a law enforcement officer, and 12 months for each count of residential burglary. The court ordered these sentences to run consecutively, for a total of 60 months. The district court ordered the sentences for the remaining crimes to run concurrent with the other counts. The district court ordered Wren to pay restitution, as well as the $750 BIDS attorney fee and a $100 BIDS application fee, among other costs.

Several days after sentencing, Wren filed a motion to withdraw his plea. The district court did not find good cause to allow Wren to withdraw his plea, and denied the motion.

Wren appeals his sentencing.

ANALYSIS

Wren raises seven points of error on appeal. We examine them each in turn.

First, Wren argues that the district court erred by not adhering to the plea agreement. However, "sentence recommendations made pursuant to a plea bargain are not binding on the trial court." *State v. Boley*, 279 Kan. 989, 996, 113 P.3d 248 (2005). The plea agreement advised Wren of this risk. The district court did not err in ordering a more severe sentence than anticipated by the plea agreement.

Second, Wren argues that the district court erred in imposing a prison sentence of 60 months. Wren's sentences were within the presumptive range of sentences for his crimes. This court is without jurisdiction to review presumptive sentences. K.S.A. 2017 Supp. 21-6820(c)(1); *State v. Huerta*, 291 Kan. 831, 835, 247 P.3d 1043 (2011). Therefore, we cannot review Wren's sentences.

Third, Wren argues that the district court violated his rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by using his prior criminal history to increase his sentence without requiring the State to prove the criminal history to a jury beyond a reasonable doubt. But as Wren acknowledges, this argument has previously been rejected by the Kansas Supreme Court. See *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002) (holding that *Apprendi* does not require proof of a prior conviction by a jury beyond a reasonable doubt). This court is duty bound to follow Supreme Court precedent absent some indication the court is departing from its previous position. *State v. Singleton*, 33 Kan. App. 2d 478, 488, 104 P.3d 424 (2005). Accordingly, Wren's *Apprendi* challenge fails.

Fourth, Wren argues that the district court erred by ordering some of his sentences to run consecutively. Determining whether a sentence should run consecutive to or

3

concurrent with another is within the trial court's sound discretion. See K.S.A. 2017 Supp. 21-6819(b); *State v. Jamison*, 269 Kan. 564, 576, 7 P.3d 1204 (2000). The imposition of consecutive sentences does not constitute a departure sentence subject to appeal. *State v. Flores*, 268 Kan. 657, 660, 999 P.2d 919 (2000). Thus, this court is without jurisdiction to consider the issue. K.S.A. 2017 Supp. 21-6820(c)(1).

Fifth, Wren argues that the district court erred by failing to notify him of his duty to register as a violent offender. At the time of a conviction, in this case Wren's entry of a plea, the district court was required to inform him of his duty to register. See K.S.A. 2017 Supp. 22-4904(a). The district court failed to inform Wren of this duty. However, the Kansas Offender Registration Act (KORA) does not create a consequence for a court's failure to inform a defendant of his or her duty to register. *State v. Marinelli*, 307 Kan. 768, 790-91, 415 P.3d 405 (2018). In *Marinelli*, the Kansas Supreme Court suggested that a defendant may be excused from KORA registration obligations if the defendant can show prejudice from the district court's failure to adhere to the notice requirement. 307 Kan. at 791. However, the error does not entitle Wren to any relief at this stage of the proceedings.

Finally, Wren argues that the court erred in assessing a BIDS application fee and a BIDS attorney fee without considering on the record his financial resources and the burden imposed by the fees. "The [BIDS] application fee is assessed at the time the defendant applies for court-appointed counsel. If the application fee remains unpaid at the time of sentencing, the district court may include the unpaid fee in its sentencing order without making any additional findings." *State v. Scaife*, 286 Kan. 614, Syl. ¶ 7, 186 P.3d 755 (2008). However, Wren is correct in noting that before assessing a BIDS attorney fee "the sentencing court . . . must consider the financial resources of the defendant and the nature of the burden that payment will impose *explicitly*, stating on the record how those factors have been weighed in the court's decision." *State v. Robinson*, 281 Kan. 538, 546, 132 P.3d 934 (2006); see K.S.A. 22-4513(b). Here, the court merely asked Wren's public

defender what the attorney fees were and then assessed the fees. The district court made no inquiry into Wren's financial resources or his ability to pay. Thus, the district court did not err in assessing the BIDS application fee, but it did err in assessing the BIDS attorney fee. Accordingly, we must reverse in part and remand for the court to review Wren's financial situation and make appropriate findings on the record.

We also note that the journal entry of sentencing states that the restitution owed is "$8,8720.00," with total costs due of "$90033.00." According to Wren, this is a typographical error, as the correct restitution amount should have been $8,887.20. Our review of the record on appeal reveals a discrepancy in restitution amounts. The victim impact statement claims $8,887.20 in restitution owed. But again, the journal entry of sentencing lists an amount significantly higher. On remand, if the district court determines this to be a mere typographical error, the district court is ordered to enter an order nunc pro tunc correcting the journal entry to reflect the proper amount.

Affirmed in part, reversed in part, dismissed in part, and remanded with directions.