NOT DESIGNATED FOR PUBLICATION

No. 118,878

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CRISS M. CLAY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed August 24, 2018. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Criss M. Clay appeals his sentence following his convictions of identity theft and two counts of forgery. We granted Clay's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has filed a response and requested that the district court's judgment be affirmed.

On August 24, 2017, Clay pled guilty to one count of identity theft, second offense, and two counts of forgery. Clay committed these crimes while on felony probation in two other cases. He filed a motion for a durational and dispositional departure. On November 15, 2017, the district court denied Clay's departure motion and imposed a controlling presumptive sentence of 18 months' imprisonment. The district court denied probation and ordered Clay to serve the sentence because it was his second

1

conviction for identity theft and because he committed the crimes while on felony probation. The district court also ran Clay's sentence consecutive to the sentences in his two prior felony cases. Clay timely appealed.

Clay raises seven issues on appeal, some of which we have jurisdiction to address and some we do not. Clay claims the district court erred in imposing a presumptive prison sentence of 18 months and in denying his request for a dispositional or durational departure. Specifically, Clay argues that the district court did not address all of his departure factors on the record. But as Clay concedes, Kansas statutes and caselaw do not grant this court jurisdiction to review the imposition of a presumptive sentence, which includes the denial of Clay's departure motion. See K.S.A. 2017 Supp. 21-6820(c)(1); *State v. Johnson*, 286 Kan. 824, 841-52, 190 P.3d 207 (2008); *State v. Flores*, 268 Kan. 657, 659, 999 P.2d 919 (2000).

Clay also asserts that the district court erred by applying the rule that he should serve his prison sentence because the new crimes were committed while on felony probation. Clay concedes that the district court could have ordered imprisonment anyway because it was his second conviction of identity theft. See K.S.A. 2017 Supp. 21-6804(u). K.S.A. 2017 Supp. 21-6604(f)(1) allows a district court to sentence an offender to imprisonment for a crime committed while on felony probation even if the new crime otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure. So in other words, the district court's sentence of 18 months' imprisonment was a presumptive sentence for which we have no jurisdiction to review. K.S.A. 2017 Supp. 21-6820(c)(1).

Clay also claims the district court erred in using his prior criminal history to determine his sentence, without putting it to a jury and proving it beyond a reasonable doubt. But he acknowledges that this issue is controlled by *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2001) (use of criminal history to enhance a sentence is not unconstitutional).

2

Next, Clay claims the district court erred by running his sentence consecutive to the sentences in his two prior felony cases. But he concedes that a consecutive sentence is required when a new crime is committed while on felony probation. K.S.A. 2017 Supp. 21-6606(c). Even if the district court had some discretion to run the sentence concurrent with the sentences in the other two cases, there was no abuse of discretion here. See *State v. Jamison*, 269 Kan. 564, 576, 7 P.3d 1204 (2000) (whether sentence should run concurrent with or consecutive to another sentence within trial court's sound discretion).

Next, Clay claims the district court erred when it imposed upon him in the journal entry of judgment the obligation to pay court costs, a DNA database fee, and a booking/fingerprint fee when there was no oral announcement of these fees at sentencing. But see *State v. Phillips*, 289 Kan. 28, 29-30, 210 P.3d 93 (2009) (Because certain fees are not imposed for punishment, they are not part of criminal sentence and do not need to be stated as part of judgment in open court, although it is better practice to do so.).

Finally, Clay claims the district court erred when it ordered him at sentencing to pay the Board of Indigents' Defense Services (BIDS) application fee without considering on the record his financial resources and the burden imposed. But see *State v. Scaife*, 286 Kan. 614, Syl. ¶ 7, 186 P.3d 755 (2008) (district court may include unpaid BIDS application fee, assessed when defendant requests court-appointed counsel, in sentencing order without making additional findings).

Affirmed in part and dismissed in part.