NOT DESIGNATED FOR PUBLICATION

No. 119,124

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSEPH C. MCMANUS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed October 19, 2018. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Joseph C. McManus appeals his sentence following his convictions of burglary and misdemeanor theft. We granted McManus' motion for summary disposition under Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has responded and requested that the district court's judgment be affirmed.

On September 8, 2017, McManus pled guilty to burglary and misdemeanor theft. Under K.S.A. 2017 Supp. 21-6804(p), the sentence for the burglary conviction was presumed imprisonment. McManus filed a motion for departure agreed to by the State. On November 1, 2017, the district court denied the departure motion and imposed a presumptive sentence of 21 months' imprisonment for the burglary conviction and a consecutive 12-month jail term for the theft conviction. McManus timely appealed.

1

On appeal, McManus claims the district court erred by denying his request for a nonprison sentence for his burglary conviction. But as McManus concedes, Kansas statutes and caselaw do not grant this court jurisdiction to review the imposition of a presumptive sentence, which includes the denial of McManus' departure motion. See K.S.A. 2017 Supp. 21-6820(c)(1); *State v. Johnson*, 286 Kan. 824, 841-52, 190 P.3d 207 (2008); *State v. Flores*, 268 Kan. 657, 659, 999 P.2d 919 (2000).

McManus also claims the district court abused its discretion by running his misdemeanor sentence consecutive to his felony sentence. McManus asserts that we have no jurisdiction to review this claim, but the State points out that we do. In any event, the district court could run the misdemeanor sentence consecutive to the felony sentence. See *State v. Huff*, 277 Kan. 195, 207, 83 P.3d 206 (2004). McManus fails to present any argument as to why the district court abused its discretion in running the sentences consecutively. See *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015) (abuse of discretion found when no reasonable person would take view adopted by trial court).

Affirmed in part and dismissed in part.