NOT DESIGNATED FOR PUBLICATION

No. 120,674

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CAMERON JAMES HARROD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed July 19, 2019. Appeal dismissed.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., GREEN and BRUNS, JJ.

PER CURIAM: Cameron James Harrod appeals his sentence following his conviction of felony theft. We granted Harrod's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has responded and suggests that we have no jurisdiction over this appeal.

On July 26, 2018, Harrod pled guilty to one count of theft, a severity level 9 nonperson felony. In exchange, the State agreed to recommend probation provided that Harrod complied with the terms of his bond and enrolled in inpatient treatment. But Harrod violated the terms of his bond and failed to appear for his initial sentencing hearing, relieving the State of its obligations under the plea agreement.

1

At the sentencing hearing on December 27, 2018, Harrod had a criminal history score of C, making his presumptive sentence 11-12-13 months. A special rule applied allowing the district court to impose imprisonment because Harrod committed his new crime while on felony probation in another case. The district court applied the special rule and sentenced Harrod to 11 months' imprisonment. Harrod timely appealed.

On appeal, Harrod claims the district court abused its discretion by failing to grant probation. But he concedes that this court lacks jurisdiction to review a presumptive sentence. The State also asks that we dismiss this appeal for lack of jurisdiction.

K.S.A. 2018 Supp. 21-6820(c)(1) provides that for any felony committed on or after July 1, 1993, the appellate court shall not review any sentence that is within the presumptive sentence for the crime. Harrod admits that his 11-month sentence is within the presumptive sentence for his crime. And K.S.A. 2018 Supp. 21-6604(f)(1) provides that when a new felony is committed while the offender is on felony probation in another case, the court "may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure." So Harrod received a presumptive sentence here, and Kansas statutes and caselaw do not grant us the authority to review the imposition of a presumptive sentence. See *State v. Flores*, 268 Kan. 657, 659, 999 P.2d 919 (2000).

Appeal dismissed.