NOT DESIGNATED FOR PUBLICATION

No. 122,097

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STEVIE L. STAFFORD,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Douglas District Court; PAULA B. MARTIN, judge. Opinion filed February 12, 2021.
Affirmed.

*Joshua D. Seiden*, of Seiden Law Office, P.A., of Lawrence, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., HILL and BUSER, JJ.

PER CURIAM: Stevie L. Stafford appeals the district court's summary denial of his fourth K.S.A. 60-1507 motion. He argues that he is entitled to an evidentiary hearing on the merits of his motion because he raised more than conclusory allegations about his trial counsel's performance. Because he has failed to show us why we should ignore the one-year time limit for filing this motion, nor has he shown us manifest injustice in the district court's order, we hold the district court correctly dismissed this motion. Thus, we affirm.

1

Stafford pleaded no contest in April 2013 to two counts of attempted rape. Based on a joint recommendation from the State and Stafford, the court imposed a 265-month prison sentence. This came from an aggravated sentence of 165 months in prison on count 1 and a departure sentence of 100 months in prison on count 2. We summarily dismissed Stafford's direct appeal of his convictions in February 2014 for lack of jurisdiction under the rule in *State v. Flores*, 268 Kan. 657, 999 P.2d 919 (2000), where the court held that guideline consecutive sentences are not departure sentences and, therefore, not subject to review.

Before filing this K.S.A. 60-1507 motion, Stafford filed three other 60-1507 motions. He filed the first one in April 2014, which was denied. Stafford did not appeal. He filed the second motion in February 2015 but withdrew it a few months later. Then he filed his third motion in August 2015. This court upheld the district court's summary denial of that third motion in *Stafford v. State*, No. 115,626, 2017 WL 2709600 (Kan. App. 2017) (unpublished opinion).

Stafford filed this fourth 60-1507 motion in December 2018, alleging that the district court and our court improperly handled his third 60-1507 motion. He also alleged that his trial attorney coerced him into withdrawing his plea after the parties learned that the court could not legally impose the original 265-month prison sentence. The district court summarily denied Stafford's motion because it was untimely and successive.

Stafford asks us to remand the matter to the district court for an evidentiary hearing.

When a district court summarily denies a 60-1507 motion, our review is unlimited. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

2

The State contends that Stafford's motion is procedurally barred because it was untimely—coming well after a statutory deadline—and successive—meaning that he had already challenged his conviction under K.S.A. 60-1507. The State argues that we should affirm the district court's summary denial because Stafford's motion presented no basis for excusing those two defects. We agree with the State.

*This fourth motion was untimely.*

By law, a defendant has one year from when a conviction becomes final to file a 60-1507 motion. K.S.A. 2019 Supp. 60-1507(f)(1). The mandate dismissing Stafford's direct appeal for lack of jurisdiction was issued in late March 2014, so he had until late March 2015 to file his motion. He filed the habeas motion in this appeal in December 2018—well after that deadline.

*Stafford has failed to show manifest injustice.*

A district court may extend that filing deadline only to prevent manifest injustice. K.S.A. 2019 Supp. 60-1507(f)(2). When assessing manifest injustice, the court may only consider a prisoner's colorable claim of actual innocence or the reasons why the prisoner failed to meet the deadline. K.S.A. 2019 Supp. 60-1507(f)(2)(A). If the prisoner fails to affirmatively assert manifest injustice, a court is procedurally barred from considering the untimely 60-1507 motion. *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013).

Stafford's motion did not explain why his motion was untimely, nor did it claim that he was innocent, so he did not assert manifest injustice. Instead, his motion argued that the district court, and then our court, improperly handled his third 60-1507 motion. And even though Stafford acknowledges on appeal that the district court denied his habeas motion for procedural reasons, he does not contend that he met the manifest injustice standard, instead focusing on the merits of his motion. Because Stafford failed

3

to assert manifest injustice in his motion or on appeal, he is barred from bringing his claim.

*Stafford has shown no exceptional circumstances that would compel review.*

A prisoner bringing a habeas motion is presumed to have listed all grounds for relief. Thus, a court need not consider more than one 60-1507 motion unless the prisoner can show exceptional circumstances "justifying the original failure to list a ground." *Trotter*, 296 Kan. 898, Syl. ¶ 2; see K.S.A 2019 Supp. 60-1507(c). Exceptional circumstances include "unusual events or intervening changes in the law which prevent[ed] a movant from reasonably being able to raise all of the trial errors in the first postconviction proceeding." *State v. Kelly*, 291 Kan. 868, Syl. ¶ 2, 248 P.3d 1282 (2011).

But Stafford does not allege any exceptional circumstances. His motion cites no unusual events or changes in the law that prevented him from previously raising the trial errors he now alleges. In fact, he argues that our court and the district court improperly handled his case the last time he raised the issues he now alleges on appeal, so he has indeed raised them before.

Because Stafford has not shown—or even alleged—either manifest injustice or exceptional circumstances, his 60-1507 motion is barred. We therefore affirm the district court's summary dismissal of his motion.

Affirmed.