(253 P.3d 383)

No. 102,724

STATE OF KANSAS, *Appellee*, v. WILLIAM D. DILLON, *Appellant*.

Opinion filed June 17, 2011.

*Ryan Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Chadwick J. Taylor*, district attorney, *Natalie Chalmers*, assistant district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., MARQUARDT and LEBEN, JJ.

LEBEN, J.: We revisit this case on remand from the Kansas Supreme Court. Previously, we had vacated the district court's sentence of William Dillon based on our conclusion that the district court explicitly refused to consider the arguments upon which Dillon sought a departure sentence. *State v. Dillon*, 44 Kan. App. 2d 1138, 244 P.3d 680 (2010). A majority of this panel concluded that the district court's refusal to consider relevant factual arguments the defendant made in support of a departure sentence violated the defendant's due-process rights. Because of that, we concluded that an appeal could be heard despite the normal rule that a defendant may not appeal a departure sentence.

The Kansas Supreme Court summarily reversed our decision and remanded for further consideration in light of *State v. Huerta*, 291 Kan. 831, 247 P.3d 1043 (2011). Having considered supplemental briefs from the parties and *Huerta*, we now dismiss Dillon's appeal for lack of jurisdiction.

As all parties recognize, the district court gave Dillon a presumptive sentence: sentencing guidelines called for a prison sentence, not probation, and the court gave Dillon a sentence within the range called for by the guidelines. And the legislature has pro-

vided in K.S.A. 21-4721(c)(1) that an "appellate court shall not review . . . [a]ny sentence that is within the presumptive sentence for the crime." This restriction is important because the right to appeal in Kansas is limited to what is provided by statute; Kansas courts have not recognized any constitutional right to an appeal. *State v. Gill*, 287 Kan. 289, 293-94, 196 P.3d 369 (2008).

Before *Huerta*, the panel majority had understood that there was a limited exception when the district court denied due process to the defendant at sentencing. But in the *Huerta* decision, rendered 4 months after our first decision in Dillon's case, our Supreme Court said that we had overextended the cases suggesting exceptions. 291 Kan. at 839-40. The *Huerta* court also set out a clear rule for us to apply: "A criminal defendant's allegation of constitutional infirmity in an individual presumptive sentence does not make the sentence amenable to direct appeal under K.S.A. 21-4721(c)(1)." 291 Kan. 831, Syl. ¶ 3.

Dillon's case fits squarely within that rule. He argues that his own presumptive sentence violated his constitutional due-process right to have the district court consider the legally relevant arguments he made. We do not have jurisdiction to consider his appeal under *Huerta*.

In his supplemental post-*Huerta* brief, Dillon tries to recharacterize his appeal as a motion to correct illegal sentence. But he had not previously raised this argument, and our Supreme Court has also said that "a defendant may not file a motion to correct an illegal sentence based on constitutional challenges to his or her sentence." *State v. Mitchell*, 284 Kan. 374, 377, 162 P.3d 18 (2007).

Dillon's appeal is therefore dismissed for lack of jurisdiction.