NOT DESIGNATED FOR PUBLICATION

No. 113,061

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NATHANIEL CAMERON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed October 30, 2015. Appeal dismissed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and SCHROEDER, JJ.

*Per Curiam*:  Nathaniel Cameron appeals his sentence following his convictions of three counts of aggravated sexual battery. We granted Cameron's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State filed a response and requested that the district court's judgment be affirmed.

On July 24, 2014, Cameron pled no contest to three counts of aggravated sexual battery. On September 26, 2014, the district court imposed a presumptive controlling sentence of 43 months' imprisonment with lifetime postrelease supervision. Cameron raised no objection to the imposition of lifetime postrelease supervision in district court.

1

On appeal, Cameron claims the district court "abused its discretion by ordering him to serve his presumptive sentence, including lifetime postrelease." However, Cameron acknowledges that the appellate court is without jurisdiction to review a presumptive sentence. He also acknowledges that the court will not review an issue of cruel and unusual punishment for the first time on appeal.

As Cameron acknowledges, under K.S.A. 2014 Supp. 21-6820(c)(1), an appellate court shall not review any sentence that is within the presumptive sentence for the crime. See *State v. Huerta*, 291 Kan. 831, 837, 247 P.3d 1043 (2011). As to the imposition of lifetime postrelease supervision, this sentence was required by statute based on Cameron's convictions of three counts of aggravated sexual battery. See K.S.A. 2014 Supp. 22-3717(d)(1)(G) and (d)(5)(I). Moreover, pursuant to *State v. Naputi*, 293 Kan. 55, 67-68, 260 P.3d 86 (2011), an appellate court will not review an issue of cruel and unusual punishment for the first time on appeal, where the defendant failed to sufficiently raise the issue in the district court to allow an adequate development of the record. For these reasons, and as acknowledged by Cameron in his motion, this court is without jurisdiction to consider the issues he has raised on appeal.

Appeal dismissed.