NOT DESIGNATED FOR PUBLICATION

No. 116,046

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KENNETH FREDERICK RILEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Labette District Court; ROBERT J. FLEMING, judge. Opinion filed April 21, 2017. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

*Per Curiam*: Kenneth Frederick Riley appeals his 16-month presumptive prison sentence after pleading no contest to solicitation of arson. We granted Riley's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State did not file a response. After review, we affirm in part and dismiss in part.

In January 2013, Riley pled no contest to one count of solicitation of arson, a severity level 9 person felony. Riley's criminal history was scored an A, based in part upon a juvenile adjudication which occurred prior to the enactment of the Kansas Sentencing Guidelines Act (KSGA). Given Riley's crime and criminal history score, his presumptive sentence was 15 to 17 months in prison. Before the district court, Riley

1

argued his criminal history score was incorrect because his pre-KSGA juvenile adjudication for aggravated assault, a class D or E felony, was subject to decay. The court disagreed, sentenced Riley to 16 months in prison, and ordered his sentence to run consecutive to the sentence in a prior case.

On appeal, Riley challenges his criminal history score on two grounds:  (1) The district court erred by finding that his juvenile adjudication was not subject to decay, and (2) the district court improperly relied upon his criminal history which had not been proven to a jury beyond a reasonable doubt. First, while it is true that juvenile adjudications classified as D or E nonperson felonies prior to the KSGA could decay, juvenile adjudications classified as person felonies do not decay. K.S.A. 21-4710(d)(4), (6). Because crimes were not classified as person or nonperson prior to the KSGA, our Supreme Court has held that the determination of whether a pre-KSGA juvenile adjudication is a person or nonperson crime is based upon the classification of the crime at the time the defendant committed the current offense. See *State v. Keel*, 302 Kan. 560, 578, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). As aggravated assault was classified as a person felony at the time Riley committed his current offense, his juvenile adjudication for aggravated assault was properly classified as a person felony and did not decay. See K.S.A. 2011 Supp. 21-5412(e)(2) (aggravated assault classified as person felony).

Although not raised by either party, we note that the legislature amended K.S.A. 21-4710 (now K.S.A. 2016 Supp. 21-6810) in 2016 which, if applicable, would have decayed Riley's juvenile adjudication. See L. 2016, ch. 97, Sec. 1. However, our court recently held these amendments do not apply retroactively and therefore cannot benefit Riley. See *Parker v. State*, No. 115,267, modified unpublished opinion (Kan. App.) filed April 12, 2017, slip op. at 8-9.

Second, Riley also argues that the district court's imposition of a greater sentence without his criminal history first being proven to a jury beyond a reasonable doubt violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Our Supreme Court, however, has rejected this argument, and we reject it as well. *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002) (holding *Apprendi* does not require proof of prior conviction by jury beyond reasonable doubt); *State v. Hitt*, 273 Kan. 224, 236, 42 P.3d 732 (2002) (expanding *Ivory* to include juvenile adjudications), *cert. denied* 537 U.S. 1104 (2003).

Finally, Riley challenges his presumptive sentence arguing the district court abused its discretion by imposing it. However, because Riley's criminal history score is correct, because his sentence is within the KSGA presumptive range, and because we have no jurisdiction to review presumptive sentences, we dismiss Riley's challenge to his sentence. See K.S.A. 2016 Supp. 21-6820(c)(1); *State v. Huerta*, 291 Kan. 831, 836-37, 247 P.3d 1043 (2011) (reaffirming that K.S.A. 21-4721(c)(1) [now K.S.A. 2016 Supp. 21-6820(c)(1)] eliminates appeals of presumptive sentences).

Affirmed in part and dismissed in part.