NOT DESIGNATED FOR PUBLICATION

No. 116,892

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TOMMY STOFANIK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Crawford District Court; A.J. WACHTER, JR., judge. Opinion filed July 28, 2017. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before SCHROEDER, P.J., POWELL and GARDNER, JJ.

*Per Curiam*: Tommy Stofanik appeals his sentences and the revocation of his probation ordered by the district court in two cases in accordance with a plea agreement. We granted Stofanik's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State agrees summary disposition is appropriate. After review, we dismiss Stofanik's appeal of his guideline sentence in one case and affirm the district court's revocation of his probation and imposition of the prison sentences in the others.

In May 2015, Stofanik pled no contest to aggravated burglary in case 15CR70P. In exchange for Stofanik's plea, the State dropped multiple other charges and agreed to join

1

his request for a probation sentence. The district court accepted Stofanik's plea and sentenced him to 57 months in prison but placed him on probation from that sentence for 36 months.

In October 2015, Stofanik pled no contest to burglary of a motor vehicle in case 15CR228P. In exchange for his plea in this second case, the State agreed to drop the remaining charge, recommend probation, and not seek revocation of Stofanik's probation in 15CR70P. The district court accepted Stofanik's plea and sentenced him to 14 months in prison, to be served consecutive to his sentence in 15CR70P, but placed Stofanik on probation from that sentence for 12 months.

On March 29, 2016, the State moved to revoke Stofanik's probation in both 15CR70P and 15CR228P, alleging he had committed new crimes in case 16CR101P. Ultimately, Stofanik entered into another plea agreement with the State which encompassed all three cases. Under the agreement, Stofanik agreed to stipulate to violating the terms of his probation in 15CR70P and 15CR228P and to plead no contest to two of the charges contained in 16CR101P—criminal possession of a firearm and felony fleeing and eluding. Stofanik also agreed not to seek either a dispositional or durational departure of his sentences and further agreed that he would serve his sentences. Significantly, Stofanik "request[ed] that [he] be ordered to serve [his] sentences in Case Nos. 15CR70P and 15CR228P due to [his] violation of probation." The district court accepted Stofanik's stipulations and plea and sentenced him to 90 months' imprisonment in accordance with the parties' plea agreement—his 57-month prison sentence in 15CR70P, to be served consecutive to his 14-month prison sentence in 15CR228P, to be served consecutive to a controlling 19-month prison sentence in 16CR101P. The district court consolidated the three cases.

Notwithstanding his plea agreement with the State, Stofanik now appeals and argues the district court (1) erred by sentencing him to the standard presumptive

2

sentences for his crimes when it could have imposed lesser sentences and (2) abused its discretion by revoking his probation and imposing the sentences because he "is a father who has always worked to support his children and . . . he has family support."

Here, Stofanik received a presumptive sentence, and we have no jurisdiction to review presumptive sentences. See K.S.A. 2016 Supp. 21-6820(c)(1); *State v. Huerta*, 291 Kan. 831, 835-37, 247 P.3d 1043 (2011) (reaffirming that K.S.A. 21-4721[c][1]—now K.S.A. 2016 Supp. 21-6820[c][1]—eliminates appeals of presumptive sentences). We therefore dismiss that part of his appeal.

As for Stofanik's complaint about the district court's revocation of his probation and imposition of the prison sentences in 15CR70P and 15CR228P, we find Stofanik's request smacks of invited error as he specifically asked the court to impose the sentences in his two previous cases. If there was any error, Stofanik invited it. A litigant may not invite error and then complain of the error on appeal. *State v. Van Petten*, No. 115,772, 2017 WL 2403211, at *4 (Kan. App. 2017) (unpublished opinion). Additionally, because Stofanik's new convictions gave the district court discretion to revoke his probation and impose the underlying prison sentences without ordering intermediate sanctions, we conclude a reasonable person could easily agree with the district court's decision. See K.S.A. 2016 Supp. 22-3716(c)(8) (sanctions not required if probationer commits new crime); *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006) (district court has discretion to revoke defendant's probation if defendant has violated probation).

Affirmed in part and dismissed in part.