NOT DESIGNATED FOR PUBLICATION

No. 119,750

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KERRY D. JENKINS,
*Appellant*.

MEMORANDUM OPINION

Appeal from McPherson District Court; JOHN B. KLENDA, judge. Opinion filed February 15, 2019. Appeal dismissed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Kerry D. Jenkins appeals his sentence following his convictions of felony interference with law enforcement and driving under the influence (DUI). We granted Jenkins' motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed no response.

On January 17, 2018, Jenkins pled no contest to one count of felony interference with law enforcement, a severity level 9 felony, and one count of DUI, a class B misdemeanor. On April 2, 2018, the district court imposed a presumptive sentence of 15 months' imprisonment for the felony conviction and a concurrent sentence of 6 months in the county jail for the DUI conviction. Jenkins timely appealed.

1

Jenkins' only claim on appeal is that "the district court violated his rights under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), when it used his prior criminal history to increase his sentence without requiring the State to prove that criminal history to a jury beyond a reasonable doubt." Jenkins makes no claim that the district court erred in imposing a six-month jail sentence for the DUI.

As Jenkins acknowledges in his motion, in *State v. Huerta*, 291 Kan. 831, Syl. ¶ 3, 247 P.3d 1043 (2011), our Supreme Court held that K.S.A. 21-4721(c)(1), now K.S.A. 2017 Supp. 21-6820(c)(1), eliminates appeals of presumptive sentences, including claims that the defendant's presumptive sentence has a constitutionally based infirmity. But even if we had jurisdiction to address the issue Jenkins raises on appeal, we note that our Supreme Court has resolved this issue contrary to Jenkins' position in *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002).

Appeal dismissed.