NOT DESIGNATED FOR PUBLICATION

No. 120,989

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ADONIS EUGENE JONES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed February 14, 2020. Appeal dismissed.

Submitted for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h).

Before STANDRIDGE, P.J., LEBEN and BRUNS, JJ.

PER CURIAM: Adonis Eugene Jones—who was convicted of unlawful sexual relations with a foster child, indecent solicitation of a child to commit an unlawful sexual act, and aggravated endangering of a child—appeals the district court's denial of his motion for a dispositional departure. He also appeals from a provision in the journal entry of judgment that required him to register as a sexual offender for life. We granted Jones' motion for summary disposition under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The parties agree that the original journal entry of judgment mistakenly required lifetime registration and the district court has recently entered a nunc pro tunc journal entry requiring Jones to register as a sexual offender for 25 years. As for the denial of

1

Jones' request for dispositional departure to probation, we conclude that we lack appellate jurisdiction to review this issue. Thus, we dismiss this appeal.

The parties are aware of the underlying facts, and they need not be repeated here. Pursuant to a plea agreement, Jones pled no contest to three charges relating to sexual offenses with a child in September 2018. It is undisputed that Jones' sentence was presumptive imprisonment under a special rule set forth in K.S.A. 2018 Supp. 21-6804(s). Moreover, under the terms of the plea agreement, the parties agreed that the State would recommend sentences which would lead to a controlling term of 68 months' imprisonment.

Before sentencing, Jones moved for a dispositional departure to probation. At a sentencing hearing held on January 18, 2019, the district court denied Jones' departure motion and sentenced him to the presumptive sentence of 68 months in prison. Unfortunately, the journal entry of judgment incorrectly indicated that Jones was subject to lifetime registration for the conviction. As noted above, the State has conceded that this was done in error and the district court entered a nunc pro tunc journal entry correcting the mistake on November 20, 2019. Thus, we conclude that this issue is now moot.

Turning to whether the district court erred in denying Jones' motion for dispositional departure, we find that we do not have appellate jurisdiction to review this issue. As Jones' candidly acknowledges in his motion for summary disposition, Kansas law provides that "the appellate court shall not review: (1) Any sentence that is within the presumptive sentence for the crime; or (2) any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record." K.S.A. 2018 Supp. 21-6820(c). Consequently, we have no jurisdiction to review Jones' sentence. See *State v. Huerta*, 291 Kan. 831, 837, 247 P.3d 1043 (2011) (appellate courts lack jurisdiction to hear appeals of presumptive sentences); *State v. Cooper*, 54 Kan.

2

App. 2d 25, Syl. ¶¶ 3, 4, 394 P.3d 1194 (2017) (appellate courts lack jurisdiction to hear appeals of agreed upon sentences).

Appeal dismissed.