NOT DESIGNATED FOR PUBLICATION

No. 121,453

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANDREIA RENEE BRONNENBERG,
*Appellant.*

MEMORANDUM OPINION

Appeal from Montgomery District Court; F. WILLIAM CULLINS, judge. Opinion filed April 24, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., LEBEN, J., and MCANANY, S.J.

PER CURIAM: Andreia Bronnenberg pleaded no contest to burglary of a non-dwelling. Based on her criminal-history score (E) and the severity of the crime (level 7), Bronnenberg's presumptive sentence under Kansas sentencing guidelines was probation with an underling prison sentence of 19 to 23 months that she'd have to serve if she couldn't complete probation.

But the district court found that a special rule applied to Bronnenberg: because she had committed the burglary while on probation for another felony, the court had the discretion to send Bronnenberg to prison rather than place her on probation. The court exercised that discretion and imposed a prison sentence; the sentence was 21 months, within the presumptive range under the guidelines.

Bronnenberg has appealed, arguing that the district court abused its discretion in two ways. She first says that the court erred by sentencing her to 21 months in prison rather than 19 months. But the presumptive length of Bronnenberg's sentence under the guidelines was 19 to 23 months; we are precluded, by statute, from reviewing sentences that fall within the presumptive range. See K.S.A. 2019 Supp. 21-6820(c)(1); *State v. Huerta*, 291 Kan. 831, Syl. ¶ 3, 247 P.3d 1043 (2011).

Her other argument is that the district court erred by sending her to prison when it had the option to place her on probation. She doesn't contest that a statute, K.S.A. 2019 Supp. 21-6604(f)(1), gave the court the discretion to order a prison sentence because Bronnenberg had committed her crime while on probation for another felony. She instead says that the district court abused that discretion.

Unless the district court has made a legal or factual error (which isn't claimed here), we will set aside its discretionary decision only if no reasonable person could agree with it. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). We see nothing unreasonable here. Bronnenberg committed a felony while on probation in another felony case. Based on that, a reasonable person could conclude that Bronnenberg wasn't taking probation seriously and therefore wasn't a good candidate for probation in this case.

On Bronnenberg's motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). After reviewing the record available to the sentencing court, we find no error in the sentence that it imposed.

We therefore affirm the district court's decision.