NOT DESIGNATED FOR PUBLICATION

No. 122,319

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRYCE A. MARTIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed January 28, 2022.
Appeal dismissed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before CLINE, P.J., GREEN, J., and PATRICK D. MCANANY, S.J.

PER CURIAM:  Bryce A. Martin appeals the district court's denial of his motion for
a dispositional and durational departure, claiming the court abused its discretion. Because
the district court imposed the presumptive sentence for Martin's crimes, we lack
jurisdiction and dismiss his appeal.

Martin pleaded guilty to possession of methamphetamine with the intent to
distribute and aggravated battery, pursuant to a plea agreement. Under the plea
agreement, the State agreed to recommend that the district court follow the presumptive

sentence of prison for both offenses and impose the low number for the drug charge and the high number for the aggravated battery charge out of the appropriate sentencing guidelines grid box.

Martin later filed a motion for a downward durational and dispositional departure, urging the district court to grant him probation. Martin claimed he committed the offenses because of his addiction to methamphetamine, and since his arrest he had voluntarily entered treatment and remained sober. Martin argued now that he was sober, he presented no danger to the community. Martin identified a list of several mitigating factors supporting a departure sentence in his case.

At his sentencing hearing, Martin addressed the district court personally. He expressed remorse for what had happened and stated he had changed for the better since entering treatment for his methamphetamine addiction.

Before ruling on Martin's motion for dispositional and durational departure, the district court took a moment to express its agreement with Martin's comments on the connection between methamphetamine addiction and crime and address Martin personally. The district court stated that, in its belief, if there was some "magic potion" to cure addiction, the crime rate would go down over 90 percent. The district court also expressed its belief that methamphetamine addiction was harder to overcome than addiction to other drugs such as marijuana, cocaine, or alcohol. The district court judge stated that, with methamphetamine addiction:

> "[T]hey say you have to have intense intervention for, like, eight years, seven years, and then, of course, the continued AA and NA. So I say that to you in that you don't want to let down and you have to keep up a real effort, intense effort for many, many years and even beyond that. Again, I'd be going to an NA meeting every day for the rest of my life, just between you and I."

The district court then considered the mitigating and aggravating factors present in Martin's case. The district court noted that the facts surrounding the battery of the victim were particularly aggravating. The district court also noted, however, that there were many mitigating factors present and that everything suggested that Martin was taking responsibility for his actions and receiving treatment for his addiction. Ultimately, the district court denied Martin's motion and imposed a presumptive prison sentence for both charges.

Martin argues the district court abused its discretion in denying his departure motion by relying on facts outside the record in determining that a departure was inappropriate. Martin claims the district court's comments about the dangers of methamphetamine addiction and the difficulties associated with overcoming it are not supported by any evidence in the record. He argues the district court impermissibly relied on these unsubstantiated beliefs to deny his motion for departure. The State, on the other hand, argues we lack jurisdiction to hear Martin's claim.

The right to appeal is statutory, and the limits of appellate jurisdiction are imposed by the Legislature. *State v. Hooks*, 312 Kan. 604, 606, 478 P.3d 773 (2021). We must dismiss an appeal if the record shows a lack of jurisdiction. *State v. Marinelli*, 307 Kan. 768, 769, 415 P.3d 405 (2018).

When a district court denies a motion for departure and imposes the presumptive sentence for the crime, appellate courts lack jurisdiction to review this decision. *State v. Huerta*, 291 Kan. 831, 835, 247 P.3d 1043 (2011). Under K.S.A. 2020 Supp. 21-6820(a), both the State and a defendant may appeal from the imposition of a departure sentence. We are barred, however, from reviewing a sentence within the presumptive sentencing range for the crime. K.S.A. 2020 Supp. 21-6820(c)(1). Under the revised Kansas Sentencing Guidelines, the only defendants permitted to appeal a district court's determination on a departure motion are those sentenced to an upward departure or those

who seek a downward departure to a specific term and who receive the departure but to a term longer than the one sought. See K.S.A. 2020 Supp. 21-6820(d), (e); K.S.A. 2020 Supp. 21-6817(a)(3), (b)(1); *Huerta*, 291 Kan. at 835 (interpreting K.S.A. 21-4721, now recodified under K.S.A. 2020 Supp. 21-6820, and K.S.A. 21-4718, now recodified under K.S.A. 2020 Supp. 21-6817). Merely moving for a departure sentence does not grant a defendant a right to appeal if the result of the motion is a presumptive sentence. *Huerta*, 291 Kan. at 835.

Martin challenges the district court's decision to deny his motion for a dispositional and durational departure. After denying his motion, the district court sentenced Martin to 92 months in prison for possession of methamphetamine with the intent to distribute and 154 months in prison for aggravated battery. The district court found that Martin had a criminal history score of B and sentenced him with aggravated battery as the primary offense of conviction. Martin's sentence is within the presumptive sentencing range for these crimes. See K.S.A. 2017 Supp. 21-5705(a)(1), (d)(3)(C); K.S.A. 2017 Supp. 21-5413(b)(1)(A), (g)(2)(A); K.S.A. 2020 Supp. 21-6819(b)(3), (b)(5); K.S.A. 2020 Supp. 21-6805; K.S.A. 2020 Supp. 21-6804.

We lack jurisdiction to hear Martin's claim and must dismiss it.

Appeal dismissed.