NOT DESIGNATED FOR PUBLICATION

No. 124,414

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GERMY TERRELL CAMERON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; JOHN F. BOSCH, judge. Opinion filed March 18, 2022. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ISHERWOOD, P.J., GREEN and BRUNS, JJ.

PER CURIAM: In this appeal, Germy Terrell Cameron asks us to find that the trial court erred (1) when it used his prior criminal history without requiring a jury to find that he had committed those prior crimes and (2) when it denied his request for a dispositional departure. Cameron moved for summary disposition under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). The State did not respond to the motion. We granted Cameron's motion for summary disposition. After reviewing the record, we affirm the trial court and dismiss part of Cameron's appeal for lack of jurisdiction.

In August 2020, in case No. 20CR455, the State charged Cameron with possession of methamphetamine, interference with law enforcement, and possession of drug

1

paraphernalia. Cameron and the State entered into a plea agreement where Cameron agreed to plead guilty to two felonies—possession of methamphetamine and interference with law enforcement. Cameron also agreed to enter three guilty pleas in three other cases. In exchange, the State would dismiss two additional cases and any remaining claims in the four cases which included guilty pleas.

The trial court accepted Cameron's guilty pleas and set the matter over for sentencing. At sentencing, the trial court determined, over Cameron's objection, that his criminal history score was B. Cameron moved for a dispositional departure, arguing that he was a drug addict, and that probation and treatment would be a better alternative than prison time.

The trial court denied the motion and sentenced Cameron to a controlling 32 months' imprisonment for possession of methamphetamine.

Cameron timely appeals.

On appeal, Cameron first argues that the trial court erred in sentencing him because it used his prior criminal history without first putting it before a jury and proving it beyond a reasonable doubt. Cameron argues that this violated his constitutional rights as explained in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). But our Supreme Court has considered and rejected this argument. In rejecting the argument, the court held that the use of prior criminal history did not violate a defendant's constitutional rights. The court reasoned those previous convictions are a sentencing factor and not an element of the crime. *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). Thus, we are not persuaded that the trial court erred in using Cameron's prior criminal history to determine his sentence under the revised Kansas Sentencing Guidelines Act.

Next, Cameron argues that the trial court erred by denying his request for a dispositional departure. But we lack jurisdiction to address this issue. When a trial court denies a motion for departure and imposes the presumptive sentence for the crime, appellate courts lack jurisdiction to review the sentence. *State v. Huerta*, 291 Kan. 831, 835, 247 P.3d 1043 (2011); see K.S.A. 2020 Supp. 21-6820(c)(1).

After denying Cameron's motion for a departure, the trial court sentenced him to 32 months' imprisonment for possession of methamphetamine—a sentence that was within the presumptive sentence range based on his criminal history score. See K.S.A. 2020 Supp. 21-6805. Thus, because we lack jurisdiction to address his argument, we dismiss it.

Affirmed in part and dismissed in part.