NOT DESIGNATED FOR PUBLICATION

No. 124,413

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TABITHA JO ELLIOTT,
*Appellant*.

MEMORANDUM OPINION

Appeal from McPherson District Court; JOHN B. KLENDA, judge. Opinion filed August 5, 2022. Affirmed and remanded with directions.

Submitted by the parties for summary disposition pursuant to K.S.A. 2021 Supp. 21-6820(g) and (h).

Before WARNER, P.J., HURST, J., and TIMOTHY G. LAHEY, S.J.

PER CURIAM: Tabitha Jo Elliott contends the district court abused its discretion by imposing a 60-day imprisonment sanction, rather than imposing available quick dip sanctions, after finding she violated the conditions of her probation. We granted Elliott's motion for summary disposition under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48).

K.S.A. 2018 Supp. 22-3716(c)(11) allows a district court discretion, when faced with one or more probation violations, to impose either 60 days' imprisonment or some other graduated sanction. Elliott recognizes the district court's broad discretion, citing *State v. Ward*, 292 Kan. 541, 256 P.3d 801 (2011) (district court abuses its discretion only when no reasonable person would agree with its decision or when it bases its

1

decision on an error of law or fact). And she notes that we do not have jurisdiction to otherwise review a presumptive sentence, as she received. See *State v. Huerta*, 291 Kan. 831, 247 P.3d 1043 (2011). We agree these decisions are controlling and dispositive of the case. We thus affirm the district court.

Although not raised by either party, we note the district court used a 2021 journal entry of revocation form which incorrectly lists the 60-day sanction as being authorized by K.S.A. 2021 Supp. 22-3716(c)(9), which is the current statutory section authorizing the imposition of the sanction. Because the crime of conviction was committed in late 2018, the proper statutory authorization for the sanction was K.S.A. 2018 Supp. 22-3716(c)(11). Consequently, we direct the district court to issue an order nunc pro tunc correcting the statutory citation in the journal entry.

Affirmed and remanded with directions.