NOT DESIGNATED FOR PUBLICATION

Nos. 127,015
127,016

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILBURN FRED VAUGHT III,
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed August 30, 2024. Appeal dismissed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before ISHERWOOD, P.J., WARNER and COBLE, JJ.

PER CURIAM: Wilburn Fred Vaught III appeals his presumptive sentences, arguing the district court erred by running the sentences from his two cases consecutive to each other. We granted Vaught's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). Because Vaught's claim essentially arises out of the imposition of presumptive sentences, review is precluded by K.S.A. 21-6820(c)(1). Accordingly, his appeal of the district court's sentencing determination is dismissed.

1

FACTUAL AND PROCEDURAL HISTORY

In the summer of 2021, Vaught was charged with numerous offenses in Dickinson County, including three counts of aggravated intimidation of a witness. He was granted a diversion and agreed to refrain from violating the law. In June 2023, however, the State filed a complaint alleging that Vaught committed aggravated assault, and he ultimately pled guilty to that offense.

In a mediated settlement agreement, Vaught stipulated that his felony conviction for aggravated assault constituted a violation of the terms and conditions outlined in his diversion agreement. He agreed to plead guilty to the three counts of aggravated intimidation of a witness in exchange for the State's assurance it would dismiss the remaining charges with prejudice.

Prior to sentencing, Vaught filed a motion seeking either a dispositional or durational departure. The district court declined to find that substantial and compelling reasons existed to warrant either of the two mitigated options and imposed presumptive concurrent sentences for each of the three witness intimidation offenses for a controlling term of 32 months' imprisonment. It also imposed a presumptive 32-month prison term for his aggravated assault conviction and ordered it to run consecutive to his first case.

Vaught brings both sentences to us for review.

ANALYSIS

Vaught argues the district court erred when it ran the controlling sentences in his two cases consecutive rather than concurrent. He contends its decision to do so was unreasonable because his convictions stemmed from his alcohol abuse, and he was actively involved in substance-abuse treatment for a while prior to sentencing. He also

2

believes the court failed to afford the apology he offered for his actions the credit it was due.

Vaught's argument does not entitle him to relief under the law despite his sincere remorse and the positive strides he made in addressing his substance abuse. Because the district court sentenced Vaught to presumptive terms of imprisonment for his convictions, we are without jurisdiction to consider his claims of error. K.S.A. 21-6820(c)(1) provides: "(c) On appeal from a judgment of conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review: (1) Any sentence that is within the presumptive sentence for the crime." See also *State v. Huerta*, 291 Kan. 831, 837, 247 P.3d 1043 (2011) (*reaffirming* that K.S.A. 21-4721[c][1], now K.S.A. 21-6820[c][1], eliminates appeals of presumptive sentences). Vaught acknowledges we do not have jurisdiction to review his argument that the district court erred in ordering his sentences to be served consecutively. *State v. Young*, 313 Kan. 724, 740, 490 P.3d 1183 (2021) (appellate courts lack jurisdiction to review imposition of consecutive sentences when such disposition is authorized by statute).

Appeal dismissed.