NOT DESIGNATED FOR PUBLICATION

Nos. 127,192
127,193

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JASON D. BUFFALOHEAD-CRAYTOR,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID DAHL, judge. Opinion filed November 15, 2024. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GARDNER and COBLE, JJ.

PER CURIAM: Jason D. Buffalohead-Craytor appeals the district court's order revoking his probation and imposing his original 22-month prison sentence. We granted Buffalohead-Craytor's motion for summary disposition under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). Finding no abuse of discretion by the district court, we affirm.

In two cases, consolidated on appeal, Buffalohead-Craytor pleaded guilty to forgery, a severity level 8 nonperson felony, and possession of methamphetamine, a severity level 5 drug felony. For both cases, the sentencing court imposed suspended 22-

month and 15-month prison sentences to be served concurrently, with 18 months of probation. Both sentences were within the presumptive sentencing range.

Buffalohead-Craytor violated the terms of his probation twice before the district court revoked his probation and imposed his underlying prison sentence. The first probation violation was for Buffalohead-Craytor's failure to report to his probation officer, failure to maintain employment, and for failing to reengage in treatment after being unsuccessfully discharged. Those violations resulted in a 3-day jail sanction and an extension of Buffalohead-Craytor's probation for an additional 18 months.

Buffalohead-Craytor's second probation violation—for failing to attend court-ordered drug and alcohol treatment and failing to report to his probation officer—resulted in a 60-day jail sanction.

Still, Buffalohead-Craytor violated the terms of his probation a third time. At his hearing, Buffalohead-Craytor requested reinstatement of probation, stating that he had been sober for 10 months despite having relapsed and that he had a job lined up. The district court revoked Buffalohead-Craytor's probation and imposed his original 22-month prison sentence. The court based its decision on the favorable plea agreement, recommendations for probation revocation by the State and Buffalohead-Craytor's probation officer, his continued substance abuse, and his previous probation violations.

Buffalohead-Craytor timely appeals the revocation of his probation and the imposition of his prison sentence.

*Standard of Review*

Once a probation violation is established, a district court has discretion to revoke probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). We review the district court's decision to revoke Buffalohead-Craytor's probation for abuse of discretion. See 315 Kan. at 328. Judicial discretion is abused when the district court bases its decision on an error of fact or law or when its decision is so off the mark that no reasonable person would agree with it. *State v. Waldschmidt*, 318 Kan. 633, 657, 546 P.3d 716 (2024).

The probation revocation statute in effect when Buffalohead-Craytor committed his crimes, K.S.A. 2018 Supp. 22-3716, controls our analysis. Once a district court establishes that a probation violation has occurred, the court must order the offender serve a two- or three-day jail sanction before revoking probation. K.S.A. 2018 Supp. 22-3716(c)(1)(C). The district court, however, may bypass this requirement if it finds certain exceptions are met. See K.S.A. 2018 Supp. 22-3716(c)(8) and (9).

*Revoking Buffalohead-Craytor's probation and imposing his underlying prison sentence was not an abuse of discretion.*

On appeal, Buffalohead-Craytor argues that the district court abused its discretion by revoking his probation and imposing his prison sentence. He argues that because he established his need for additional drug addiction treatment, denying his request to reinstate probation was an abuse of discretion. He acknowledges, however, that we lack jurisdiction to review an appeal from a presumptive sentence. Both of his sentences were within their respective presumptive sentencing range, and under K.S.A. 21-6820(c)(1), this court shall not review any sentence that is within the presumptive sentence for the crime. See *State v. Huerta*, 291 Kan. 831, 837, 247 P.3d 1043 (2011) (reaffirming that

3

K.S.A. 21-4721[c][1], now K.S.A. 21-6820[c][1], eliminates appeals of presumptive sentences).

Buffalohead-Craytor also recognizes that under K.S.A. 2018 Supp. 22-3716(c)(1)(E), a district court may revoke probation and impose an offender's prison sentence if the offender already served an intermediate sanction. This was Buffalohead-Craytor's third probation violation, and he had already served at least one prior sanction. The district court thus had the factual and legal authority to revoke his probation. See K.S.A. 2018 Supp. 22-3716(c)(1)(E).

As for Buffalohead-Craytor's assertion that the district court acted unreasonably because he needed treatment for his drug addiction, we disagree. The court had tried probation for him, yet he was unsuccessfully discharged from drug treatment, failed to reenter that program, and then later failed to attend court-ordered drug and alcohol treatment. We cannot say that no reasonable person would do as the district court did, thus we find no abuse of discretion.

Affirmed.