NOT DESIGNATED FOR PUBLICATION

No. 118,548

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEROME E. LEWIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed October 5, 2018. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before GREEN, P.J., PIERRON and BUSER, JJ.

PER CURIAM: Jerome E. Lewis appeals from a judgment of the trial court imposing a sentence after remand from our Supreme Court. He seeks summary disposition of several sentencing issues.

This court lacks jurisdiction to consider Lewis' challenges to a presumptive sentence. Moreover, our Supreme Court has consistently rejected Lewis' argument regarding the use of his criminal history to calculate a sentence. Finally, our Supreme Court has ruled that a trial court is not required to make specific findings at sentencing

1

before imposing payment of the Board of Indigents' Defense Services (BIDS) application fee. Accordingly, we affirm in part and dismiss the appeal in part.

*Background*

In 1996, the State charged Lewis with statutory rape. Lewis entered a guilty plea but afterwards thought better of that decision and attempted to withdraw his plea. The trial court denied the motion to withdraw and ultimately sentenced Lewis to 692 months in prison. This court affirmed Lewis' conviction and sentence on appeal. See *State v. Lewis*, 27 Kan. App. 2d 134, 998 P.2d 1141, *rev. denied* 269 Kan. 938 (2000) (*Lewis I*).

In 2007, Lewis moved to correct an illegal sentence. The trial court dismissed the motion for a lack of jurisdiction because Lewis received a presumptive sentence. Lewis appealed, but this court affirmed the trial court. See *State v. Lewis*, No. 99,180, 2008 WL 4849677 (Kan. App. 2008) (unpublished opinion) (*Lewis II*).

On January 3, 2013, Lewis moved again to correct an illegal sentence. Although the trial court denied the motion on the basis of res judicata and this court affirmed the trial court, our Supreme Court summarily reversed this court and remanded the case to the trial court for resentencing in compliance with *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), and *State v. Dickey*, 305 Kan. 217, 380 P.3d 230 (2016).

On remand, Lewis moved for a durational sentencing departure. The trial court denied the motion and imposed a prison sentence of 356 months (the high value within the applicable grid box after Lewis' criminal history score was modified pursuant to the *Dickey* opinions).

2

Lewis appealed. His attorney later moved for summary disposition of this appeal without briefing under Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State filed a response, conceding that summary disposition of the appeal was warranted.

Although Lewis has organized his motion for summary disposition into four issues, the first issue generally challenges the imposition of sentence without providing argument on the basis for the challenge. Besides the other two arguments related to the calculation of his sentence, Lewis does not provide this court with a basis for concluding that the sentence was improper. Any independent basis for challenging the sentence is therefore waived and abandoned. See *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016) (failing to brief an issue waives the issue). Lewis' challenges to the trial court's resentencing are therefore limited to the following three issues: (A) the trial court erred in using Lewis' prior convictions to determine his criminal history score without a jury finding regarding the existence of those prior convictions; (B) the trial court erred in denying Lewis' request for a downward durational sentencing departure; and (C) the trial court erred in requiring Lewis to pay the BIDS application fee without first considering Lewis' ability to pay.

Apprendi *Challenge*

Lewis contends that the trial court violated his due process rights by using his criminal history to calculate the appropriate underlying prison term under the guidelines. According to *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), any fact (other than recidivism) used to enhance the penalty for a crime must be submitted to a jury and proved beyond a reasonable doubt. The facts of Lewis' prior convictions for use in calculating the appropriate guidelines sentence were judge-made findings. Lewis reasons that these judge-made findings violated his constitutional rights.

As he concedes, however, the *Apprendi* argument he raises has been rejected by our Supreme Court. See *State v. Ivory*, 273 Kan. 44, 45-48, 41 P.3d 781 (2002). We must apply our Supreme Court precedent absent some indication that the court is departing from its precedent. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. 1012 (2015). The court has consistently upheld its reasoning in *Ivory*. See, e.g., *State v. Williams*, 306 Kan. 175, 176, 392 P.3d 1267 (2017); *State v. Ritz*, 305 Kan. 956, 966, 389 P.3d 969 (2017). Consequently, this argument provides no basis for relief.

*Request for Dispositional Departure*

Next, Lewis challenges the trial court's refusal to grant his request for a dispositional sentencing departure. As he concedes, the trial court imposed a presumptive guidelines sentence. This court lacks appellate jurisdiction to consider a direct appeal from a presumptive sentence. See K.S.A. 2017 Supp. 21-6820(c)(1) ("On appeal from a judgment or conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review . . . [a]ny sentence that is within the presumptive sentence for the crime."); *State v. Huerta*, 291 Kan. 831, 835-36, 247 P.3d 1043 (2011) ("Merely moving for a departure sentence does not grant the right of appeal to a defendant, if the result of the motion is a presumptive sentence. See K.S.A. 21-4721[c][1]. The only defendants permitted to appeal are those sentenced to an upward departure on the State's motion or the court's notice, . . . or those who seek a downward departure to a specific term and who receive the departure but to a term longer than the one sought . . . . [Citations omitted.]").

Because Lewis received a presumptive guidelines sentence, this court lacks jurisdiction to consider the propriety of the trial court's rejection of Lewis' departure motion.

4

*BIDS Application Fee*

Lewis also challenges the trial court's imposition of a BIDS application fee as part of Lewis' costs without making a finding on the record of Lewis' ability to pay the fee. "The [BIDS] application fee is assessed at the time the defendant applies for court-appointed counsel. If the application fee remains unpaid at the time of sentencing, the district court may include the unpaid fee in its sentencing order without making additional findings." *State v. Scaife*, 286 Kan. 614, Syl. ¶ 7, 186 P.3d 755 (2008). Since the BIDS application fee remained unpaid at the time of sentencing, the trial court did not err in ordering Lewis to pay the fee without making additional findings.

Affirmed in part and dismissed in part for lack of jurisdiction.