NOT DESIGNATED FOR PUBLICATION

No. 119,286

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HALLEE L. BIGGS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sherman District Court; SCOTT SHOWALTER, judge. Opinion filed December 21, 2018. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., STANDRIDGE and POWELL, JJ.

PER CURIAM: Hallee L. Biggs appeals her presumptive prison sentence after pleading no contest to a drug felony. We granted Biggs' motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). There was no response from the State. After review, we affirm.

Biggs pled no contest to an amended charge of possession of marijuana with intent to distribute, a severity level 3 drug felony. In exchange for her plea, the State dismissed the remaining charges and agreed to recommend the standard number in the appropriate sentencing guidelines gridbox and a dispositional departure to probation, provided Biggs' criminal history score was not A or B. The presentence investigation report scored Biggs'

1

criminal history as F, which, based on her crime of conviction, gave her a presumptive prison sentence of 59, 56, or 52 months. At sentencing on January 11, 2018, Biggs had no objection to her criminal history score, and the district court sentenced Biggs to the standard number of 56 months in prison. But in light of the parties' agreement to a dispositional departure, the district court stated "a downward departure is acceptable and is found to be appropriate." The district court then granted Biggs a dispositional departure and placed her on probation with community corrections for 36 months. Biggs made no argument for a lesser prison sentence.

On appeal, it is unclear to us the nature of Biggs' complaint given that summary dispositions do not involve briefing. Biggs' motion for summary disposition claims that the district court "erred in imposing a presumptive term of imprisonment when a durational departure remained an option." But she then cites to authority stating that presumptive sentences are not subject to appellate review. See K.S.A. 2017 Supp. 21-6820(c)(1); *State v. Huerta*, 291 Kan. 831, 835-36, 247 P.3d 1043 (2011) (reaffirming that K.S.A. 21-4721(c)(1) [now K.S.A. 2017 Supp. 21-6820(c)(1)] eliminates appeals of presumptive sentences).

However, Biggs was not given a presumptive sentence. According to the transcript and sentencing journal entry, she was given a dispositional departure to probation, and a departure sentence is reviewable on the grounds that the district court did not depart enough. See *State v. Looney*, 299 Kan. 903, 908-09, 327 P.3d 425 (2014). When the extent of a departure is challenged, our standard of review is for an abuse of discretion. *State v. Spencer*, 291 Kan. 796, 807-08, 248 P.3d 256 (2011). "Judicial discretion is abused if the action (1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Biggs bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012). However, Biggs does

not even assert that the district court's failure to grant her a durational departure on top of her dispositional departure constitutes an abuse of discretion. Even if she had, our review of the record fails to persuade us that no reasonable person would have taken the view adopted by the district court. The district court did not abuse its discretion, and we affirm Biggs' sentence.

Finally, for the first time on appeal, Biggs argues her sentence is illegal because it was improperly enhanced due to the district court increasing her criminal history score by considering her criminal history which had not been proven to a jury beyond a reasonable doubt. See *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). However, the Kansas Supreme Court has rejected this argument, and we are duty bound to follow it. See *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002) (use of criminal history to enhance sentence not unconstitutional); *State v. Morton*, 38 Kan. App. 2d 967, 978-79, 174 P.3d 904 (Court of Appeals duty bound to follow Supreme Court precedent), *rev. denied* 286 Kan. 1184 (2008).

Affirmed.