NOT DESIGNATED FOR PUBLICATION

No. 126,040

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAQUANTRIUS S. JOHNSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Submitted without oral argument. Opinion filed May 31, 2024. Appeal dismissed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before COBLE, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: Dissatisfied with his presumptive sentence on remand, Daquantrius S. Johnson timely appeals. We observe the district court imposed a presumptive sentence pursuant to the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-6801 et seq. Thus, contrary to Johnson's arguments, we do not have jurisdiction over the issue he raises on appeal. Accordingly, we dismiss Johnson's appeal for lack of jurisdiction.

FACTUAL AND PROCEDURAL BACKGROUND

Johnson was convicted by a jury in October 2014 of aggravated assault, criminal possession of a firearm, and criminal discharge of a firearm. The underlying facts surrounding his convictions are well-known to the parties and unnecessary to our decision here. Relevant to the issue on appeal, the district court imposed a total controlling sentence of 43 months' imprisonment. Johnson timely appealed; his firearm-related convictions were reversed by another panel of this court, and the matter was remanded to the district court for further proceedings. *State v. Johnson*, No. 113,228, 2020 WL 2091067, at *9 (Kan. App. 2020) (unpublished opinion). On remand, the State declined to prosecute the firearm-related convictions, and the district court resentenced Johnson for his aggravated assault conviction.

Prior to resentencing, Johnson filed a motion requesting a downward durational departure and/or a dispositional departure to probation. Although the State asserts Johnson abandoned his departure motion at resentencing, we need not address the point. Based on Johnson's criminal history score of A, the district court imposed a sentence of 34 months' imprisonment, consistent with the presumptive sentencing range for aggravated assault, a severity level 7 felony under the KSGA nondrug felony sentencing grid. See K.S.A. 21-6804(a).

ANALYSIS

Johnson argues the district court erred in denying his motion for dispositional departure to probation. The State asserts we lack jurisdiction over Johnson's appeal because he cannot appeal the denial of his departure motion when he received a presumptive grid-based sentence. The State is correct.

2

Whether jurisdiction exists is a question of law subject to unlimited review. *State v. Lundberg*, 310 Kan. 165, 170, 445 P.3d 1113 (2019). We have a duty to question our own jurisdiction, and where the record discloses a lack of jurisdiction, the appeal must be dismissed. See *State v. Delacruz*, 307 Kan. 523, 529, 411 P.3d 1207 (2018).

K.S.A. 21-6820(c)(1) prohibits an appellate court from considering a challenge to a presumptive sentence. Johnson incorrectly asserts we have jurisdiction to consider his arguments based on *State v. Jolly*, 301 Kan. 313, 342 P.3d 935 (2015), and *State v. Looney*, 299 Kan. 903, 327 P.3d 425 (2014). However, *Jolly* and *Looney* did not involve appeals from presumptive sentences. Rather, departure sentences had been granted in both cases. See *Jolly*, 301 Kan. at 316; *Looney*, 299 Kan. at 904. Here, the district court did not grant a departure. Accordingly, we have no authority to consider Johnson's appeal; therefore, we must dismiss the appeal for lack of jurisdiction. See *Delacruz*, 307 Kan. at 529; *State v. Huerta*, 291 Kan. 831, 837, 247 P.3d 1043 (2011).

Appeal dismissed.